IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA GUADALUPE TUNALES, ET AL.,<br><br>    Defendants. | No. C 12-02120 CRB<br><br>**ORDER REMANDING CASE** |

    Defendant Maria Guadalupe Tunales removed this case from state court on April 27, 2012. See dkt. 1. The case was reassigned on May 23, 2012. See dkt. 9. The Court notes that a Motion to Remand is already on file, and is calendared for July 6, 2012. See dkt. 10. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and GRANTS the Motion to Remand.

    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,00.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. Gaus

1 v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).
2 Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of
3 removal in the first instance." Id. at 566. Further, a district court must remand the case to
4 state court if it appears at any time before final judgment that the district court lacks subject
5 matter jurisdiction. 28 U.S.C. § 1447(c).

6      Upon review of the state court complaint attached to the Notice of Removal, it is
7 apparent to the Court that, indeed, it does not have jurisdiction over the matter. Federal
8 question jurisdiction exists only when a federal question exists on the face of a well-pleaded
9 complaint. See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).
10 The state court complaint here involves only a claim of unlawful detainer. Notice of
11 Removal Ex. 1. Therefore, no federal question is presented. See Wells Fargo Bank v.
12 Lapeen, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); Wescom Credit Union v.
13 Dudley, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, based upon the face
14 of the well-pleaded complaint, which alleges that the amount in controversy is "under
15 $10,000," and indicates that Defendant is what is known as a local defendant (residing in the
16 State in which this action has been brought), there is also no diversity jurisdiction. See
17 Notice of Removal Ex. 1 at 1; 28 U.S.C. § 1441(b). Accordingly, Plaintiff's Motion to
18 Remand this matter to the Superior Court of the State of California, County of Contra Costa
19 is GRANTED.

20      **IT IS SO ORDERED.**

23 Dated: June 1, 2012      CHARLES R. BREYER
     UNITED STATES DISTRICT JUDGE